Date signed April 25, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| **In re:** | : | |
| **Renee Imeh Okon** | : | Case no. 07-11470-PM |
| | | **Chapter 13** |
| | : | |
| **Debtor.** | | |
| _____ | : | |
| **Renee Imeh Okon,** | : | |
| **Plaintiff** | | |
| | : | |
| v. | | **Adv. Proc. No. 07-0284** |
| | : | |
| **Ramjeg Real Estate and** | | |
| **Joseph E. Godbout,** | : | |
| **Defendants.** | : | |

### Memorandum

Plaintiff filed a Motion for Stay of Order Pending Appeal on April 23, 2007. Upon consideration of the motion, as well as Federal Rule of Bankruptcy Procedure 8005, the court has determined to deny the Motion. In <u>Long v. Robinson</u>, 432 F.2d 977, 979 (4th Cir. 1970), the court found that a party seeking a stay must show the following: "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that

other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." See also City of Alexandria v. Helms, 719 F.2d 699, 700 (4th Cir. 1983) (interpreting "irreparable injury" as meaning "more than any injury that cannot be wholly recompensed or eradicated."). Here, the court finds that it is unlikely that Plaintiff will prevail on the merits of her appeal, that Plaintiff has not shown that she will suffer irreparable injury if the stay is denied or that other parties will not be substantially harmed by the stay. In addition, there is no indication that the public interest will be served by granting the requested stay. Given these findings, the motion for a stay pending appeal is denied. An appropriate order will be entered.


cc:     Debtor
        Defendants
        Alan Kerxton, Esq.
        Chapter 13 Trustee


**End of Memorandum**